Joseph Lief, J.
It is ordered that this motion for a protective order (CPLR 3103, subd. [a]) vacating the subpoena and notice to take the deposition of Alexander Grant & Co., a nonparty witness, is denied.
Basically, this is an action for an accounting against former partners. The nonparty witness is a certified public accounting firm which plaintiff’s counsel retained in connection with the prosecution of this action. It appears that the accounting firm reported substantial discrepancies in the partnership books of account. Plaintiff seeks to recover these amounts. In fact, after the review of the books and records “ Alexander Grant & Company * * * submitted reports to my counsel, prior to the commencement of this action, in which the discrepancies specified in Paragraph 18 of the Complaint were reported ’ ’. It is obvious, therefore, that as a result of the accounting firm’s review the complaint was prepared. The defendants requesting disclosure have completed their examination of the plaintiff and assert that they must examine the accountants to ‘ ‘ adequately prepare the defense of the case ”.
There shall be ‘2 full disclosure of all evidence material and necessary in the prosecution or defense of 'an action ” (CPLR 3101, subd. [a]), so as to sharpen the issues and reduce “ delay and prolixity” (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406) and to insure that there is “ full disclosure of all relevant evidence, particularly during the pretrial interchanges, in order that the trial court may have a clear road map of the case, and to avoid sudden trapdoors in the evidence, resulting in prejudice to the party who happens to be the victim of a surprise, planned or otherwise ” (Morgen v. Columbia Broadcasting System, 40 A D 2d 143, 144).
The question posed by David D. Siegel in his Practice Commentaries to CPLR 3101, concerning the scope of disclosure is worthy of note. “If a witness holds the key, or merely a key, to any substantial fact involved in the case, how can any lawyer in this day and age be compelled to go to trial without knowing *868 intimately what that witness is going to say? ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB, p. 27.)
Very recently the Appellate Division in this department said, “ The purpose of litigation is to achieve a just result and not to spring a surprise on one’s adversary. That purpose can only be hindered — not saved — by failing to make proper disclosure ■of matters material and necessary to the prosecution or defense of an action, as the case may be ” (Zayas v. Morales, 45 A D 2d 610, 613).
Accordingly, Alexander Grant & Co. shall appear for examination before trial by a person familiar with the facts giving rise to the allegations of the complaint at Special Term, Part II of this court,.room 05, lower level, on the third day of December, 1974 at 9:30 a.m.